UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLE E CARRICK,<br><br>  Plaintiff,<br><br>  v.<br><br>PELOTON INTERACTIVE, INC.,<br><br>  Defendant. | Case No.  23-cv-04233-SVK<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 12 |

Plaintiff Gabrielle Carrick commenced this putative class action against Defendant Peloton Interactive, Inc. ("Peloton"), alleging that Peloton violated several provisions of the California Labor Code (the "CLC") in connection with its employment of Plaintiff and the members of Plaintiff's putative class.  *See* Dkt. 3, Ex. A (the "Complaint").  It turns out that this is now at least the third lawsuit pending against Peloton alleging substantially the same violations of law stemming from substantially the same conduct.  In light of these earlier-filed, overlapping actions, Peloton moves to dismiss or stay this action under the "first-to-file" rule.  *See* Dkt. 12 (the "Motion").  Plaintiff opposes the Motion.  *See* Dkt. 17 (the "Opposition").  Peloton filed a reply. *See* Dkt. 20.  All necessary parties—Plaintiff and Peloton—have consented to the jurisdiction of a magistrate judge.[1]  *See* Dkts. 14, 19.  The Court has determined that the Motion is suitable for resolution without oral argument.  *See* Civil Local Rule 7-1(b).  After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court

---

[1] Plaintiff also sued 100 Doe Defendants. *See* Complaint ¶¶ 6-7.  These Doe defendants are not "parties" for purposes of assessing whether there is complete consent to magistrate-judge jurisdiction.  *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir. 2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).

**GRANTS** the Motion and **STAYS** this action.

I.     BACKGROUND

Peloton currently faces at least three actions alleging it violated the CLC.[2]

A.     The *Cohen* Action

Originally filed in California state court on January 3, 2022, the first action is currently pending in the United States District Court for the Central District of California. *See Cohen v. Peloton Interactive, Inc.*, No. 22-cv-01425-MFW, Dkt. 1 (C.D. Cal.); Dkt. 12-3, Ex. A (the "*Cohen* Complaint"). In the *Cohen* action, the plaintiff asserts 10 causes of action against Peloton and 50 Doe defendants based on violations of the CLC and the California Unfair Competition Law (the "CUCL"), stemming from Peloton's alleged failure to comply with the requirements of the CLC in connection with its employment of the plaintiff and the members of his putative class. *See Cohen* Complaint ¶¶ 31-103. He seeks to certify the following class: "[A]ll current and former hourly, non-exempt employees who worked for Defendants [*i.e.*, Peloton and Doe defendants] in California at any time from at least four years prior to filing this action [*i.e.*, January 3, 2018] and through the present (the Class)." *See id.* ¶ 19. He also seeks to certify nine subclasses. *See id.*

The parties in the *Cohen* action have reached a settlement in principle and intend to seek court approval of their settlement upon execution of a settlement agreement. *See Cohen*, No. 22-cv-01425-MFW, Dkt. 49 at 2-3. It is not clear whether or how this settlement would impact the claims asserted in this action.

B.     The *McKinnon* Action

Originally filed in California state court on April 15, 2022, the second action is currently pending in the United States District Court for the Central District of California. *See McKinnon v. Peloton Interactive, Inc.*, No. 22-cv-03368-MFW, Dkt. 1 (C.D. Cal.); Dkt. 12-3, Ex. B (the "*McKinnon* Complaint"). In the *McKinnon* action, the plaintiffs assert nine causes of action

---

[2] Peloton requests that the Court judicially notice the operative complaints in the two earlier-filed actions. *See* Dkt. 12-3. The Court "may take judicial notice of court filings and other matters of public record" and does so here. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6. (9th Cir. 2006).

against Peloton and 50 Doe defendants based on violations of the CLC and the Fair Labor Standards Act, stemming from Peloton's alleged failure to comply with the requirements of those statutes in connection with its employment of the plaintiffs and the members of their putative class. *See McKinnon* Complaint ¶¶ 95-173. They seek to certify the following class: "All current and former hourly, non-exempt employees employed by Defendant [*i.e.*, Peloton] at one of Defendant's warehouse locations in California including Treadmill Specialists, Assemblers, Warehouse Associates, Tread Operations, Drivers, Warehouse Associates, Master Technicians, Field Operations Leads, and other similar positions, at any time starting November 18, 2020 until resolution of this action." *See id.* ¶ 82. They also seek to certify seven subclasses. *See id.* ¶¶ 83-91.

On May 19, 2022, the *McKinnon* court transferred the action to the Honorable Michael W. Fitzgerald who was already presiding over the *Cohen* action. *See McKinnon*, No. 22-cv-03368-MFW, Dkt. 11. The court listed two "reason[s] for transfer as indicated by counsel": (1) the two actions "[a]rise from the same or closely related transactions, happenings or events;" and (2) the two actions "[c]all for determination of the same or substantially related or similar questions of law and fact."[3] *Id.* The *McKinnon* court subsequently stayed that action in light of the *Cohen* action.[4] *See id.*, Dkts. 45, 55.

C.   **This Action**

Originally filed in California state court on June 16, 2023, the instant action was removed to this Court on August 18, 2023. *See* Dkt. 1. In this action, Plaintiff asserts seven causes of action against Peloton and 100 Doe defendants based on violations of the CLC and the CUCL, stemming from Peloton's alleged failure to comply with the requirements of the CLC in connection with its employment of Plaintiff and the members of her putative class. *See* Complaint

---

[3] Peloton is represented by the same counsel in the *Cohen* action as in the *McKinnon* action. Peloton is represented by different counsel in this action.

[4] The Parties to the *Cohen* action have indicated that their tentative settlement encompasses the *McKinnon* action. *See Cohen*, No. 22-cv-01425-MFW, Dkt. 49 at 2; *see also* Note 6, *infra*.

3

¶¶ 41-100. She seeks to certify nine different classes[5], all of which effectively constitute subclasses to the following overarching class: "All current and former hourly non-exempt employees employed by Defendants [*i.e.*, Peloton and Doe defendants] as direct employees as well as temporary employees employed through temp agencies in California[.]" *See id.* ¶ 39.

### D. Overlap Between The Three Actions[6]

The following chart illustrates the overlap between the claims asserted in the instant action and the claims asserted in the *Cohen* and *McKinnon* actions:

| Claim Asserted In This Action | Asserted In *Cohen* Action? | Asserted In *McKinnon* Action? |
|---|---|---|
| Failure To Pay Overtime Wages (CLC §§ 510, 1194) (Complaint ¶¶ 41-50) | Yes (*Cohen* Complaint ¶¶ 47-51) | Yes (*McKinnon* Complaint ¶¶ 125-36) |
| Failure To Authorize Or Permit Meal Periods (CLC §§ 226.7, 512) (Complaint ¶¶ 51-59) | Yes (*Cohen* Complaint ¶¶ 31-35) | Yes (*McKinnon* Complaint ¶¶ 105-15) |
| Failure To Authorize Or Permit Rest Periods (CLC § 226.7) (Complaint ¶¶ 60-68) | Yes (*Cohen* Complaint ¶¶ 36-42) | Yes (*McKinnon* Complaint ¶¶ 116-24) |
| Failure To Indemnify Employment-Related Expenses (CLC § 2802) (Complaint ¶¶ 69-76) | Yes (*Cohen* Complaint ¶¶ 72-78) | Yes (*McKinnon* Complaint ¶¶ 157-67) |
| Failure To Provide Accurate Wage Statements (CLC § 226) (Complaint ¶¶ 77-86) | Yes (*Cohen* Complaint ¶¶ 43-46) | Yes (*McKinnon* Complaint ¶¶ 150-56) |
| Failure To Timely Pay All Wages Due | Yes | Yes |

---

[5] Plaintiff also seeks to certify a tenth class that aggregates her nine other classes. *See* Complaint ¶ 39.

[6] On December 20, 2023, with approval of the court, the parties in the *Cohen* action filed a third amended complaint solely for purposes of effectuating their tentative settlement. *See Cohen*, No. 22-cv-01425-MFW, Dkts. 50-51. This amended pleading consolidates the parties and claims of the *Cohen* and *McKinnon* actions. However, if the *Cohen* court "declines to approve the settlement and the parties void the settlement agreement, the Third Amended Complaint shall have no force or effect, and Plaintiff Cohen shall withdraw the Third Amended Complaint and refile the Second Amended Complaint." *See id.*, Dkt. 50. It is not clear whether or how the tentative settlement in the *Cohen* action would impact the claims asserted in this action. Accordingly, the Court focuses its analysis in this Order on the second amended complaint in the *Cohen* action and the operative complaint in the stayed *McKinnon* action.

| | | |
|---|---|---|
| Upon Termination Of Employment (CLC §§ 201-03) (Complaint ¶¶ 87-96) | (*Cohen* Complaint ¶¶ 79-88) | (*McKinnon* Complaint ¶¶ 168-73) |
| UCL Violations For All CLC Violations (Complaint ¶¶ 97-100) | Yes (*Cohen* Complaint ¶¶ 89-93) | No |

Similarly, the following chart illustrates the overlap between the putative classes in all three actions:

| **This Action (Complaint ¶ 39)** | **The *Cohen* Action (*Cohen* Complaint ¶ 19)** | **The *McKinnon* Action (*McKinnon* Complaint ¶ 82)** |
|---|---|---|
| *All current and former hourly non-exempt employees employed by Defendants [i.e., Peloton and Doe defendants]* as direct employees as well as temporary employees employed through temp agencies *in California*[.] | *[A]ll current and former hourly, non-exempt employees who worked for Defendants [i.e., Peloton and Doe defendants] in California* at any time from at least four years prior to filing this action [*i.e.*, January 3, 2018] and through the present (the Class). | *All current and former hourly, non-exempt employees employed by Defendant [i.e., Peloton]* at one of Defendant's warehouse locations *in California* including Treadmill Specialists, Assemblers, Warehouse Associates, Tread Operations, Drivers, Warehouse Associates, Master Technicians, Field Operations Leads, and other similar positions, at any time starting November 18, 2020 until resolution of this action. |

## II.   LEGAL STANDARD

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted). This "first-to-file rule was developed to 'serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (citations omitted). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citation omitted). "Courts look to three factors when applying the first-to-file rule: '(1) the chronology of the two actions; (2) the similarity of the parties[;] and (3) the similarity of the issues.'" *Fossum v. Nw. Mut. Life Ins. Co.*, No. 10-cv-02657-SI, 2010 WL 11054415, at *2 (N.D. Cal. Sept. 16, 2010)

5

(citation omitted). The rule does not require identical parties or issues; "substantial" similarity suffices. *See Kohn*, 787 F.3d at 1240. Whether a court dismisses, stays or transfers an action under the rule rests within its discretion. *See Fossum*, 2010 WL 11054415, at *1.

### III. DISCUSSION

All three factors of the first-to-file rule weigh in favor of applying the rule in this action.

**Chronology.** Indisputably, Plaintiff commenced this action after commencement of the *Cohen* and *McKinnon* actions. Plaintiff does not argue otherwise. Thus, this factor weighs in favor of applying the rule.

**Similarity Of Parties.** In analyzing the similarity of parties in the context of class actions, courts in this District "compar[e] the putative classes even prior to certification." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1295 (N.D. Cal. 2013).[7] "[P]roposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals," even if the class proposed in one action is broader than the class proposed in the other. *See Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-cv-00696-YGR, 2013 WL 3476801, at *4 (N.D. Cal. July 10, 2013). Here, all three actions effectively seek to certify a class covering all current and former hourly, non-exempt employees who worked for Peloton in California, and the proposed classes vary only in terms of how they subdivide this class and the class periods applied. Contrasting these minor differences, the similarities among the putative classes are substantial. *See, e.g.*, *Wallerstein*, 967 F. Supp. 2d at 1296 (putative classes substantially similar, even though one action "does not specify a class period" and "seeks to represent a potentially larger class" than other action); *Hill*, 2013 WL 3476801, at *4 (putative classes substantially similar, even though "plaintiffs in [other action] seek to represent a larger and

---

[7] At least one court in this District has compared named plaintiffs in putative class actions instead of comparing putative classes before certification. *See Lac Anh Le v. Pricewaterhousecoopers LLP*, No. 07-cv-05476-MMC, 2008 WL 618938, at *1 (N.D. Cal. Mar. 4, 2008). "[T]he more widely accepted rule," however, permits comparing putative classes before certification. *See Wallerstein*, 967 F. Supp. 2d at 1295. Waiting until a court certifies a class before dismissing, staying or transferring an action under the first-to-file rule may unnecessarily require the prosecution of parallel litigations. Accordingly, this Court believes comparing putative classes before certification comports with the goals of the first-to-file rule (*i.e.*, economy, consistency and comity) and compares the putative classes at issue here.

broader class"). Further, all three actions assert claims against a single named defendant: Peloton.

Plaintiff argues that the putative class in the *McKinnon* action is not substantially similar to the putative class in this action, because "the McKinnon Action seeks to represent hourly non-exempt employees who worked at Defendant's warehouse locations," rendering the putative class in this action broader than the putative class in the *McKinnon* action. *See* Opposition at 2. But the substantial-similarity factor does not require identical class definitions; the putative classes must simply "seek to represent at least some of the same individuals" (*Hill*, 2013 WL 3476801, at *4), and the putative class members in the *McKinnon* action fall within the broad class definition proposed in this action. Even if the Court agreed with Plaintiff, Plaintiff does not dispute that the putative class in this action is substantially similar to the putative class in the *Cohen* action. Thus, this factor weighs in favor of applying the rule.

**Similarity Of Issues.** The claims in this action substantially overlap with the claims in the *Cohen* and *McKinnon* actions. Peloton faces six of the claims asserted in this action in both the *Cohen* and *McKinnon* actions, and Peloton faces all of the claims asserted in this action in the *Cohen* action. Further, all three actions seek recovery for the same alleged conduct (*i.e.*, Peloton's failure to comply with the requirements of the CLC in connection with its employment practices). This overlap constitutes a substantial similarity of issues. *See, e.g.*, *Wallerstein*, 967 F. Supp. 2d at 1297 (issues substantially similar where some of the same statutory claims brought in both actions, and "the thrust of the lawsuits is identical"); *Hill*, 2013 WL 3476801, at *4 (issues substantially similar where some of the same statutory claims brought in both actions, and "both actions implicate the same factual issues").

Plaintiff argues that the issues raised in the three actions are not substantially similar, because the *McKinnon* action does not involve an indemnity claim, and the indemnity claim in the *Cohen* action "involves entirely different factual allegations." *See* Opposition at 2. The Court disagrees. <u>All three actions</u> seek indemnification under CLC Section 2802 for similar categories of work-related expenses incurred by putative class members:

- **This Action:** "Defendants violated Labor Code section 2802 by employing policies, practices, and/or procedures of impermissibly passing business-related expenses to

7

Plaintiff and Indemnification Class Members who worked remotely. These policies, practices, and/or procedures included, but were not limited to, requiring Plaintiff and Indemnification Class Members who work remotely to use or purchase their own tools and/or resources in order to work for Defendants, including but not limited to their internet, and/or cell phone (including both telephone use and cellular data use) for work-related purposes - without reimbursing Plaintiff and Indemnification Class Members for such use." Complaint ¶ 71.

- *Cohen* Action: "Defendants have violated Labor Code § 2802 by failing to indemnify Plaintiff and the members of the Indemnification Class necessary expenditures they incurred in the discharge of their duties. Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiff and similarly situated employees were required [to] use their personal vehicles for employment-related purposes as well as their personal cell phones for employment-related purposes. Plaintiff and similarly situated employees accumulated mileage and other driving costs on their own personal vehicles, and they were also required to pay their monthly cell phone costs, which Defendants routinely utilized to contact Plaintiff and similarly situated employees to implement their schedules and/or direct their daily work activities." *Cohen* Complaint ¶ 74.

- *McKinnon* Action: "As alleged *supra*, Defendant required Plaintiffs and Class/Subclass Members to use their personal cell phones, personal cell phone data plans, personal Internet access, home Internet access and to purchase uniforms to perform their job duties and for Plaintiffs and Class/Subclass members, it is also essential for them to use the GPS function on their own personal cell phones via their personal cell phone data plans. . . . As a result of Defendant's violation of Labor Code § 2802, Plaintiffs seek reimbursement for all business-related expenses they have incurred working for Defendant . . . ."[8] *McKinnon* Complaint ¶¶ 159-67.

---

[8] The plaintiffs in the *McKinnon* action also seek indemnification for other categories of work-related expenses in addition to those listed above. *See, e.g., McKinnon* Complaint ¶ 161 (indemnification for driving personal vehicles).

8

1   Even if the Court agreed with Plaintiff that the indemnity claims asserted in the three actions do
2   not overlap, Plaintiff does not dispute that Plaintiff's remaining claims overlap with the claims
3   asserted in the *Cohen* and *McKinnon* actions. Thus, this factor weighs in favor of applying the
4   rule.

\* \* \*

6   In sum, all three factors weigh in favor of applying the first-to-file rule. The Court must
7   now determine whether it will dismiss or stay this action. "Dismissal is proper where the court of
8   first filing provides adequate remedies. If there are concerns regarding the availability of remedies
9   in the court of first filing, . . . then the court of second filing should consider a stay." *Molander v.*
10  *Google LLC*, 473 F. Supp. 3d 1013, 1020 (N.D. Cal. 2020) (citations omitted). Here, the
11  *McKinnon* court has stayed that action, and the parties in the *Cohen* action have reached a
12  settlement in principle that encompasses both the *Cohen* and *McKinnon* actions. It is not clear
13  whether or how this settlement would impact the claims asserted in this action. Accordingly,
14  "there are concerns regarding the availability of remedies in the court of first filing." The Court
15  will therefore stay this action.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **STAYS** this action. The Parties shall file a status report by the earlier of (1) **14 days** after the *Cohen* court preliminarily approves settlement in that action or (2) **June 21, 2024**.

**SO ORDERED.**

Dated: December 21, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge